Albert L. KNUTSON, Plaintiff—Appellant,

v.

PROVIDIAN FINANCIAL CORPORATION, INC., dba First Select Inc., First Select Corp.; Providian Bank, Providian National Bank, Providian Bancorp Services, Inc., Providian; et al., Defendants—Appellees.

No. 03–16820.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Albert L. Knutson, Queen Valley, AZ, pro se.

Daniel J. McAuliffe, Esq., Snell & Wilmer, LLP, Christopher Anthony Coury, Esq., John M. Fry, Ryley Carlock & Applewhite PA, Phoenix, AZ, Bradley J. Miller, Esq., Kilpatrick Stockton LLP, Atlanta, GA, Amanda S. Lewis, Esq., Strasburger & Price LLP, Dallas, TX, Osborn Maledon, Osborn Maledon P.A., Phoenix, AZ, Michelle L. Vizurraga, Esq., Jones Day, Irvine, CA, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Albert Knutson appeals pro se from the district court's judgment on the pleadings in his action for breach of contract against Providian National Bank. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R.Civ.P. 12(c), *McGann v. Ernst & Young,* 102 F.3d 390, 392 (9th Cir.1996), and we affirm.

■ The district court properly dismissed Knutson's claims for breach of contract and breach of the covenant of good faith and fair dealing because no contract existed containing Knutson's inserted terms. *See Hill–Shafer Partnership v. Chilson Family Trust,* 165 Ariz. 469, 799 P.2d 810, 814 (1990) (parties to a contract must understand and share a mutual assent that is based on objective evidence, not on the hidden intent of the parties); *Johnson Int'l, Inc. v. City of Phoenix,* 192 Ariz. 466, 967 P.2d 607, 615 (1998) (to state a claim under the breach of the covenant of good faith and fair dealing, a valid contract must exist).

■ The district court properly dismissed Knutson's fraud claim because he failed to adequately allege that any of the representations made by any defendants were false, or that the defendants knew of their falsity. *See Haisch v. Allstate Inc. Co.,* 197 Ariz. 606, 5 P.3d 940, 944 (2000).

■ The district court properly dismissed Knutson's conspiracy claim because he failed to adequately allege that the defendants agreed to accomplish an unlawful purpose. *See Elliott v. Videan,* 164 Ariz. 113, 791 P.2d 639, 642–43 (1989).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The district court properly dismissed Knutson's libel and defamation claims because he failed to adequately allege that the defendants acted with malice or wilful intent when reporting Knutson's delinquencies to credit reporting agencies. *See Bloom v. I.C. System, Inc.,* 972 F.2d 1067, 1069 (9th Cir.1992).

■ The district court properly dismissed Knutson's intentional infliction of emotional distress and invasion of privacy claims because he failed to allege that the defendants conduct was outrageous or extreme, *see Villiarimo v. Aloha Island Air Inc.,* 281 F.3d 1054, 1068 (9th Cir.2002), or that the defendants took unreasonable actions to persuade Knutson to pay his debt, *see Sears, Roebuck & Co. v. Moten,* 27 Ariz.App. 759, 558 P.2d 954, 958 (1976).

■ The district court properly denied Knutson's motion for a new trial and a new judge because Knutson's conclusory allegations presented no new evidence and consisted of unsupported accusations of judicial misconduct, bias, and perjury, none of which provides an adequate basis for recusal. *See Defenders of Wildlife v. Bernal,* 204 F.3d 920, 928–29 (9th Cir.2000) (stating test for new trial on basis of newly-discovered evidence); *Liteky v. U.S.,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (discussing examples of a valid basis for a bias or partiality motion).

Knutson's remaining contentions lack merit.

AFFIRMED.